# THE ATTORNEY GENERAL
## OF TEXAS
GERALD C. MANN



Railroad Commission of Texas
Austin, Texas

Gentlemen:

Opinion No. 0-3449
Re: Whether a special commodity car-
rier, operating in and out of Fort
Worth, may transport other articles
between that city and the new bomber
plant without a certificate or permit
from the Railroad Commission.

In your letter of April 24, 1941 you advise that the O. K. Warehouse
Company, Inc., holds a special commodity carrier permit authorizing certain
operations in and out of the City of Fort Worth, carrying certain commoditi-
es described in Section 6(d) of Article 911b, Vernon's Annotated Civil Stat-
utes, and is rendering service accordingly. You further advise that this
permittee also carries on, with trucks other than those used in the other
service, a pick-up and delivery service for the railroads operating in the
City of Fort Worth, mentioning that these last trucks are not subject to the
jurisdiction of the Railroad Commission, since they do not leave the city
limits. The railroads are preparing to establish a free pick-up and deliv-
ery service between their terminals in Fort Worth and the new bomber plant
operated by the Consolidated Aircraft Company near Lake Worth outside the
city limits of the City of Fort Worth; and the railroads are requesting
said permittee to conduct such operations back and forth between the bomb-
er pland and the railroad terminals in Fort Worth.

You request our opinion as to whether the O. K. Warehouse Company,
Inc. must obtain a certificate or permit from the Railroad Commission of
Texas in order to perform such service between the City of Fort Worth and
the bomber plant. It is our understanding that the articles to be hauled
are not any of the special commodities named in said Section 6(d) of Art-
icle 911b. The carriers subjected to regulation by the Railroad Commis-
sion by Article 911b, V.C.S., are defined in Section 1(g) thereof as
follows:

"The term 'motor carrier' means any person, firm, corporation, company,
co-partnership, association or joint stock association, and their lessees,
receivers or trustees appointed by any Court whatsoever, owning, control-
ling, managing, operating, or causing to be operated any motor propelled
vehicle used in transporting property for compensation or hire over any
public highway in this State, where in the course of such transportation
a highway between two or more incorporated cities, towns or villages is
traversed; provided that the term 'motor carrier' as used in this Act
shall not include, and this Act shall not apply to motor vehicles operated

exclusively within the incorporated limits of cities or towns."

In our opinion No. O-1592 we expressed the view that the Railroad Commission of Texas does not have the authority to issue a certificate of public convenience and necessity from an incorporated town to an unincorporated town where there are no towns between the two, since no portion of the transportation or route is between or through two or more incorporated cities. As we understand the facts now involved, the bomber plant is located a few miles outside the limits of the City of Fort Worth, the plant itself not being located within the limits of any incorporated city and in going from Fort Worth to the bomber plant, one does not go through any incorporated city or town. In opinion O-1592 we also held that the Railroad Commission of Texas has authority to issue a certificate of public convenience and necessity covering routes from one incorporated city passing through a second incorporated city to an unincorporated town, which is the terminus of operation, since a portion of the route is between incorporated cities. We do not regard this holding on the point last mentioned as being applicable to the situation before us.

The operation conducted under authority of the Railroad Commission is that of a special commodity carrier under a permit granted pursuant to Section 6(d) of Article 911b, V.C.S. The proposed operation from Fort Worth to the bomber plant would not be an extension of that operation. It would be a new and different service, having no relation to the previous operation. The goods to be hauled from Fort Worth to this bomber plant are not brought to Fort Worth by the O. K. Warehouse Co., nor is there any possibility that such will be done, since it is not authorized to haul such goods under its permit. The same is true as to goods moving from the plant to the city. Hence, the one operation may not swell or feed the other. An independent operation may be conducted between the bomber plant and the city, under the terms of Section (g) of Article 911b, without a permit or certificate. We think this applies to the O. K. Warehouse Co., Inc., and therefore answer your question in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 14, 1941
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

By /s/ Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:lh:egw

APPROVED
Opinion Committee
By P. M.
Chairman